# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 1688 | **DATE** | 3/7/2013 |
| **CASE TITLE** | Narmer Griffin (#2012-0222145) vs. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, since Plaintiff has not provided the information required in Section 1915 and has also provided inaccurate information to the Court as to his income, the Court denies Plaintiff motion for leave to proceed *in forma pauperis* [3] and dismisses the instant action. Since the instant action is dismissed, Plaintiff's motion for an appointment of counsel [4], which the Court construes as a motion for attorney assistance pursuant to the Seventh Circuit's ruling in *Ray v. Wexford Health Sources, Inc.*, 2013 WL 452769 (7th Cir. 2013), is denied as moot. Civil case terminated.

■[ For further details see text below.]    Docketing to mail notices.

# STATEMENT

This matter is before the court on Narmer Griffin's (Griffin) motion for leave to proceed *in forma pauperis* and motion for appointment of counsel. In support of his motion to proceed *in forma pauperis*, Griffin has submitted a certified prison trust account statement for the period from February 23, 2012 through July 31, 2012, which was certified by a prison official on August 6, 2013. Pursuant to 28 U.S.C. § 1915(a)(2) (Section 1915), "[a] prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for *the 6-month period immediately preceding the filing of the complaint* . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." *Id.* (emphasis added). The complaint in this case was filed on March 4, 2013. Thus, Griffin has failed to comply with the requirements of Section 1915. Moreover, Griffin has presented inaccurate information to the court regarding his financial status. On his *in forma pauperis* application form, Griffin indicates that in the past twelve months, he has not received more than $200.00 from any source. (IFP Par. 4). However, a review of the prison trust account statement relating to Griffin reveals that between February 23, 2012 and July 31, 2012, almost $500 was

| STATEMENT |
|---|
| deposited into Griffin's account. Since Griffin has not provided the information required in Section 1915 and has also provided inaccurate information to the court as to his income, the court denies his motion for leave to proceed *in forma pauperis* and dismisses the instant action. *See Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 547-48 (7th Cir. 1998)(finding that a "district court did not abuse its discretion in dismissing the complaint with prejudice for filing an application to proceed *in forma pauperis* with intentional misrepresentations as to [plaintiff's] true financial status"). Since the instant action is dismissed, Griffin's motion for an appointment of counsel, which the court construes as a motion for attorney assistance pursuant to the Seventh Circuit's ruling in *Ray v. Wexford Health Sources, Inc.*, 2013 WL 452769 (7th Cir. 2013), is denied as moot. |